**Order AFFIRMED and Opinion Filed December 4, 2019**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-19-01172-CV

**SATFRAZ TAJ AND ZUBEDA TAJ, Appellants**
**V.**
**HIGHLANDER COMMUNITY SERVICES AND INVESTMENTS, LLC, Appellee**

**On Appeal from the 366th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 366-02669-2018**

# MEMORANDUM OPINION ON MOTION TO REVIEW SUPERSEDAS BOND

Before Chief Justice Burns, Justice Whitehill, and Justice Nowell
Opinion by Chief Justice Burns

Appellants appeal from the trial court's judgment that awarded both money damages to appellee and foreclosure of its lien on appellants' property to satisfy the judgment. By order signed October 25, 2019, the trial court set the supersedeas bond at $69,620.86. Appellants now ask this Court to review the order and reduce the amount of the bond.

On the motion of a party, we may review the sufficiency or excessiveness of a bond. *See* TEX. R. APP. P. 24.4(a). We review a trial court's ruling for an abuse of discretion. *See G.M. Houser, Inc. v. Rodgers,* 204 S.W.3d 836, 840 (Tex. App.—Dallas 2006, no pet.). A trial court abuses its discretion if the evidence is legally or factually insufficient to support its findings. *Id.*

For a money judgment, the amount of security required to suspend enforcement of the judgment pending appeal must equal the amount of compensatory damages awarded, interest for

the estimated duration of the appeal, and costs awarded. *See* TEX. R. APP. P. 24.2(a)(1). On a showing by the judgment debtor that the judgment debtor is likely to suffer substantial economic harm if required to post security in the required amount, the trial court shall lower the amount of security to an amount that will not cause the judgment debtor substantial economic harm. *See id*. 24.2(b). Whether an appellant is likely to suffer substantial economic harm is a question of fact that we review for abuse of discretion. *Ramco Oil & Gas, Ltd. v. Anglo Dutch (Tenge) L.L.C.,* 171 S.W.3d 905, 918 (Tex. App.—Houston [14th Dist.] 2005, no pet.). Factors to consider in assessing whether posting a bond will result in substantial economic harm include: (1) the cost of obtaining the bond; (2) the availability of sufficient assets to cover that cost; (3) the availability of other sources from which the judgment debtor could secure funds to obtain the bond; (4) the judgment debtor's ability to borrow the funds; (5) the impact on the judgment debtor arising from the sale of assets sufficient to obtain the bond; and (6) the likelihood that selling assets to obtain the bond will result in the insolvency of the judgment debtor. *See id*. at 917.

In their amended motion to set the bond, appellants stated that setting the bond at more than $500 would cost them substantial economic harm. They listed the six factors that the trial court may consider. They attached a one-page exhibit labeled "Personal Monthly Budget." Without applying the six factors to their situation, they conclude their motion by stating that they can only pay a $500 bond without suffering substantial economic harm.

The trial court conducted a hearing. The only evidence appellants admitted was an exhibit that included each appellant's affidavit stating that they could not afford a bond in excess of $500, the one-page personal monthly budget, and two earnings statements for appellant Zubeda Taj. In arguing the motion, counsel for appellants stated: "Your Honor, this is simple, they can't afford an exorbitant bond. It would be economic duress to place one on them and deny them undue process. That's all I have, Your Honor." Appellee then proceeded to point out that appellants

failed to put on any evidence of the six factors to consider in determining substantial economic harm.

In their motion filed with this Court, appellants attach exhibits that were not presented to the trial court. They include an email from a bonding company denying their application due to poor credit and new affidavits stating for the first time that they have no assets to leverage to cover the cost of the bond. Review may be based both on conditions as they existed at the time the order setting the bond was signed and on changes in those conditions afterward. *See* TEX. R. APP. P. 24.4(b). Appellants do not assert in their motion that conditions have changed. For this reason, we cannot consider the documents attached to their motion.

Appellants presented no evidence as to the cost of obtaining a bond, the availability of other sources from which they could secure funds to obtain the bond, their ability to borrow funds, or the impact on them arising from the sale of assets sufficient to obtain a bond. *See Ramco Oil*, 171 S.W.3d at 917. Because appellants failed in their burden to establish substantial economic harm, we conclude the trial court did not abuse its discretion in not setting the bond at $500.

We affirm the trial court's order setting the bond.

/Robert D. Burns, III/
ROBERT D. BURNS, III
CHIEF JUSTICE

191172F.P05

–3–